**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LOLA McGEE,<br><br>              Plaintiff,<br><br>vs.<br><br>PATRICK R. DONAHOE,<br><br>              Defendant. | 2:13–cv–01426–MMD–VCF<br><br>**ORDER AND<br>REPORT & RECOMMENDATION** |

Before the court is Plaintiff Lola McGee's Application to Proceed *in Forma Pauperis* (#1). Also before the court is Plaintiff's Motion for Appointment of Counsel (#2).

**I.** *****In Forma Pauperis* Application**

Plaintiff asserts in her application to proceed *in forma pauperis* that she is unemployed and receives $2,455.00 per month in Social Security Disability benefits and Medical Disability Retirement benefits. (#1). Plaintiff also asserts that she has no money in either a checking or savings account and that her monthly expenses exceed $2,700.00. (*See id.* at 2). Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

    *A.*    *Legal Standard*

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B. Background

#### i. Factual Allegations

Plaintiff Lola McGee is an African American and former federal employee with over eleven years of service. (Compl. (#1-1) at 2:26). Most recently, McGee worked at the United States Postal Service as a Supervisor and Acting Manager in Customer Service. (*Id*. at 2:27). On September 10, 2009, following alleged discrimination by the USPS, McGee was purportedly "forced into . . . Medical Disability Retirement." (*Id*. at 2:21–22).

Sometime in 2008 and 2009, McGee filed grievances with the Equal Employment Opportunity Commission. (*Id*. at 3:20). McGee's complaint does not discuss how the EEOC disposed of her grievance. (*Id*.); (*but see* Pl.'s Mot. Appt. Counsel (#2) at 4) (stating "the district court may not give preclusive effect to an EEOC finding that the evidence does not support a finding of discrimination"). On August 8, 2013—exactly 3 years, 10 months, and 29 days since McGee was forced into retirement—McGee filed her complaint in this court.

According to McGee's complaint, various employees and supervisors at the USPS retaliated and discriminated against McGee from approximately 2004 to 2009 based on her disability,[1] race, age and gender. ((#1-1) at 1–4). Despite applying for 17 positions, which were allegedly predominately given to younger men, McGee was continuously denied promotions. (*Id*. at 3–4). During this time, McGee's co-

---

[1] McGee's complaint states that she suffers from "major depression, post-traumatic stress disorder, anxiety disorder, panic disorder, and peripheral sensory neuropathy." (Compl. (#1-1) at 4:9–10).

workers and supervisors also allegedly engaged in a wide array of "bizarre/outlandish," "disrespectful," and harassing behavior. (*Id*. at 4). As a result of this behavior, McGee alleges to have suffered emotional distress and adverse health consequences. (*Id*.) McGee also states that her treatment at USPS required her to relocate from California to Las Vegas. (*Id*.)

### ii.  *September 12, 2013, Telephonic Hearing*

On September 12, 2013, the court held a telephonic hearing on McGee's motion to proceed *in forma pauperis*. During the hearing, the court granted McGee's application to proceed *in forma pauperis* and screened her complaint pursuant to § 1915(e). As discussed in more detail below, the court advised McGee that it would be recommending to U.S. District Judge Miranda Du that McGee's complaint be dismissed with leave to amend because McGee's current complaint does not comply with Federal Rule of Civil Procedure 8(a), which states that a claim for relief must contain a "short plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). Additionally, the court advised McGee that her complaint must include the approximate date on which: (1) the alleged discriminatory acts occurred; (2) McGee filed complaints with the Equal Employment Opportunity Commission; and, (3) the Equal Employment Opportunity Commission issues its decision and right-to-sue letter. In addition, the court reminded McGee to include a copy of the Equal Employment Opportunity Commission's decision and right-to-sue letter as an exhibit to her amended complaint. McGee also informed the court that the Equal Employment Opportunity Commission issued a right-to-sue letter approximately 90 days before McGee filed suit. McGee is encouraged to read this court's *pro se* packet, which is available on the court's website: http://www.nvd.uscourts.gov/files/pro_se%20guide%2011-04-10.pdf.

### C.  *Screening Plaintiff's Complaint*

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 is to enable the court to determine whether the plaintiff has

3

stated "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Rule 8(a)(2) pleading standard does not require detailed factual allegations. *Id*. at 678. However, to state "a plausible claim for relief," a complaint must contain both sufficient factual allegations (*i.e.*, names, dates, and facts) and legal conclusions (*i.e.*, specific laws defendants allegedly violated) that create a reasonable inference of liability. *See Iqbal*, 556 U.S. 662, 678–79. In other words, a complaint that merely offers "labels and conclusions" will be dismissed. *Id*.

McGee's complaint does not satisfy this standard. McGee alleges various claims for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), the Age Discrimination Act of 1967, 29 U.S.C. § 623(a)(1), and the Rehabilitation Act of 1973, 29 U.S.C. § 701. Before a plaintiff may file suit under Title VII, the ADEA, or the Rehabilitation Act, she is required to file a charge of discrimination with the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d). After the Equal Employment Opportunity Commission has rendered a decision and issued a right-to-sue letter, the plaintiff then has 90 days in which to file suit. 42 U.S.C. § 2000e–5(f)(1). Compliance with the 90-day filing requirement is a condition precedent to filing in federal court, which acts like a statute of limitations. *See, e.g.*, *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

The court recommends dismissing McGee's complaint with leave to amend because McGee's complaint does not contain the dates on which McGee filed her complaint with the EEOC or the date on which the EEOC rendered a decision and issued a right-to-sue letter. (*See* #1-1). Without these dates, the court cannot determine whether McGee has "a plausible claim for relief" under the Civil Rights Act, the Age Discrimination Act, or the Rehabilitation Act. The court, therefore, recommends that McGee's complaint is dismissed without prejudice and with leave to amend.

**II.     Plaintiff's Motion for Appointment of Counsel**

Plaintiff requests the court to appoint counsel because she suffers from "serious disabilities," is financially unable to hire an attorney, and the action is an "extremely complicated matter that is beyond her capability." (#2) at 1)).

1   There is no constitutional right to appointed counsel in civil actions. Under 28 U.S.C. § 1915(e)(1), the district court may request that an attorney represent an indigent civil litigant. *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request or "appoint" counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *Angel v. Smith*, No. 09–cv–0154–HDM–VPC, 2009 WL 3165451 at *1 (D. Nev. Sept. 29, 2009) (citing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987)).

Plaintiff's motion for the appointment of counsel is denied without prejudice. Although Plaintiff "was aided in preparing [her] motion and complaint [by] a friend of a friend," Plaintiff has demonstrated sufficient writing ability and knowledge of the law and facts to proceed *pro se*. (#2) at 1)). Moreover, at this early stage, it is premature to determine whether Plaintiff's claims have arguable merit or whether additional factors warrant appoint counsel. *Bush v. Dept. of Human Serv.*, 485 Fed. Appx. 594, 597 (3d. Cir. 2012 (holding that "that the District Court did not abuse its discretion in denying [the Plaintiff's] requests for appointment of counsel" when Plaintiff requested appointment of counsel at an early stage of the proceedings).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (#2) is DENIED.

## **RECOMMENDATION**

IT IS RECOMMENDED that Plaintiff's complaint (#1-1) is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.

IT IS FURTHER RECOMMENDED that the Clerk of the Court shall file the Complaint, issue summons to the defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER RECOMMENDED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any.  If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER RECOMMENDED that from this point forward, plaintiff will serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed

to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of September, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE