UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOLA McGEE,<br><br>　　　　Plaintiff,<br>v.<br><br>PATRICK R. DONAHOE, Postmaster General of the United States Postal Service, Pacific Area, Agency,<br><br>　　　　Defendants. | Case No. 2:13-cv-01426-MMD-VCF<br><br>ORDER |

　　　Before the Court is Magistrate Cam Ferenbach's Report and Recommendation ("R&R") (dkt. no. 7), regarding plaintiff Lola McGee's Complaint. No objections were filed, but Plaintiff did file an Amended Complaint. Plaintiff has also filed a Motion for Order to Serve Complaint. (Dkt. no. 10.) Both the Amended Complaint and the Motion are premature as the Court had not adopted the R&R.

　　　This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v.*

*Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review in order to determine whether to adopt the R&R. The R&R screens the Complaint and finds that the Complaint fails to allege sufficient facts for the Court to determine whether Plaintiff has exhausted her administrative remedies before initiating this employment action. The R&R recommends dismissal without prejudice and with leave to amend. Upon review of the R&R and the record in this case, the Court agrees with the Magistrate Judge.

It is hereby ordered that the R&R (dkt. no. 7) is accepted and adopted. The Complaint is dismissed without prejudice and with leave to amend. As Plaintiff has filed the Amended Complaint, the Clerk of the Court shall file the Complaint and the Amended Complaint. The Clerk shall issue summons to the defendants named in the Amended Complaint, deliver the same to the U.S. Marshal for service and send blank copies of the USM-285 forms to Plaintiff.

It is further ordered that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the Court identifying the

unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

It is further ordered that from this point forward, plaintiff will serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

It is further ordered that Plaintiff's Motion for Order to Serve Complaint (dkt. no. 10) is denied as moot.

DATED THIS 26th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE