**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LOLA MCGEE,

          Plaintiff,

vs.

PATRICK R. DONAHOE,

          Defendant.

Case No. 2:13–cv–1426–RFB–VCF

**ORDER**

Before the court is *pro se* Plaintiff Lola McGee's Motion for Reconsideration (#27). For the reasons stated below, McGee's motion is denied.

## BACKGROUND

Plaintiff Lola McGee is an African American and former federal employee with over eleven years of service. (Compl. (#1-1) at 2:26). Most recently, McGee worked at the United States Postal Service as a Supervisor and Acting Manager in Customer Service. (*Id.* at 2:27). On September 10, 2009, following alleged discrimination by the USPS, McGee was purportedly "forced into . . . Medical Disability Retirement." (*Id.* at 2:21–22).

Sometime in 2008 and 2009, McGee filed grievances with the Equal Employment Opportunity Commission. (*Id.* at 3:20). McGee's complaint does not discuss how the EEOC disposed of her grievance. (*Id.*); (*but see* Pl.'s Mot. Appt. Counsel (#2) at 4) (stating "the district court may not give preclusive effect to an EEOC finding that the evidence does not support a finding of discrimination"). On August 8, 2013—exactly 3 years, 10 months, and 29 days after McGee's employment concluded—McGee filed her initial complaint in this court.

According to McGee's initial complaint, various employees and supervisors at the USPS retaliated and discriminated against McGee from approximately 2004 to 2009 based on her disability,[1] race, age and gender. (Compl. (#1-1) at 1–4). Despite applying for 17 positions, which were allegedly predominately given to younger men, McGee was continuously denied promotions. (*Id*. at 3–4). During this time, McGee's co-workers and supervisors also allegedly engaged in a wide array of "bizarre/outlandish," "disrespectful," and harassing behavior. (*Id*. at 4). As a result of this behavior, McGee alleges to have suffered emotional distress and adverse health consequences. (*Id*.) McGee also states that her treatment at USPS required her to relocate from California to Las Vegas. (*Id*.)

Since McGee commenced this action, she has moved for the appointment of counsel twice. (*See* Docs. #2, #21). The court denied both motions because McGee's circumstances do not present "exceptional circumstances" under *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Now, McGee moves the court to reconsider its prior orders regarding the appointment of counsel for the same reasons previously proffered: her alleged confusion, lack of concentration, and inability to file coherent documents. (*See* Pl's Mot. to Reconsider #27).

## LEGAL STANDARD

While McGee styled her motion as one for reconsideration, the court's order was interlocutory in nature. The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. However, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks, citation, and emphasis omitted). This inherent

---

[1] McGee's complaint states that she suffers from "major depression, post-traumatic stress disorder, anxiety disorder, panic disorder, and peripheral sensory neuropathy." (Compl. (#1-1) at 4:9–10).

power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Although other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59(e). *See, e.g.*, *Henry v. Rizzolo*, No. 8–00635, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 8–0353, 2010 WL 1727841, at *1–2 (D.Nev.2010)); *see also Antonetti v. Skolnik*, No. 10-153, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013) (discussing the standard for a motion to reconsider in the District of Nevada).

Accordingly, in the District of Nevada, "[a] motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at *1 (citing *Frasure v. U.S*., 256 F. Supp. 2d 1180, 1183 (D.Nev.2003)). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. (citing *U.S. Aviation Underwriters v. Wesair, LLC*, No. 8–00891, 2010 WL 1462707 (D. Nev. April 12, 2010)) (internal citation and quotation marks omitted).

## DISCUSSION

McGee's motion fails to satisfy this standard. Here, there has been no change in controlling law, newly discovered evidence, or discovery of clear error on behalf of the court. McGee's Motion for Reconsideration merely requests another bite at the apple. She requests an attorney for the same reasons as before: her alleged "inability to process her complaint," "file coherent documents," "respond to court orders," or "concentrate on the task at hand." (*See* Pl.'s Mot. to Reconsider (#27) at 2).

The court is unpersuaded. By filing additional motions for the appointment of counsel and a motion for reconsideration, McGee is prosecuting her complaint, filing coherent documents, responding to court orders, and concentrating on the task at hand. The court is sympathetic to McGee's concerns. It recognizes that litigation is inherently uncertain and stressful and that counsel would be helpful. Nonetheless, the question here is different: can McGee represent herself? As previously stated, the court finds that she can. McGee's filings are coherent, supported by citations to authority, and timely filed. These facts demonstrate that exceptional circumstances do not exist, as defined by *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).[2]

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Lola McGee's Motion for Reconsideration (#27) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] McGee's motion also expresses confusion as to why the second, fourth, and sixth pages of the court's previous order are blank. (*See* Order #26). The court notes that this was a clerical error. The entire order is only three pages. All three pages are included in the prior order.