**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LOLA McGEE,

           Plaintiffs,

vs.

PATRICK R. DONAHOE, *et al.*,

           Defendants.

Case No. 2:13–cv–1426–RFB–VCF

**ORDER**

This matter involves *pro se* Plaintiff Lola McGee's employment discrimination action against the Patrick R. Donahoe, the Postmaster General, among others. Before the court is Defendants' motion to stay discovery pending resolution of Defendants' motion to dismiss. (#33[1]). McGee filed an opposition (#35). Also before the court is McGee's motion to file electronically (#36). For the reasons stated below, both motions are granted.

**BACKGROUND**

Plaintiff Lola McGee is an African American and former federal employee with over eleven years of service. (Compl. (#1-1) at 2:26). Most recently, McGee worked at the United States Postal Service as a Supervisor and Acting Manager in Customer Service. (*Id.* at 2:27). On September 10, 2009, following alleged discrimination by the USPS, McGee was purportedly "forced into . . . Medical Disability Retirement." (*Id.* at 2:21–22).

Sometime in 2008 and 2009, McGee filed grievances with the Equal Employment Opportunity Commission. (*Id.* at 3:20). McGee's complaint does not discuss how the EEOC disposed of her grievance. (*Id.*); (*but see* Pl.'s Mot. Appt. Counsel (#2) at 4) (stating "the district court may not give

---

[1] Parenthetical citations refer to the court's docket.

preclusive effect to an EEOC finding that the evidence does not support a finding of discrimination"). On August 8, 2013—exactly 3 years, 10 months, and 29 days after McGee's employment concluded—McGee filed her initial complaint in this court.

According to McGee's initial complaint, various employees and supervisors at the USPS retaliated and discriminated against McGee from approximately 2004 to 2009 based on her disability, race, age and gender. (Compl. (#1-1) at 1–4). Despite applying for 17 positions, which were allegedly predominately given to younger men, McGee was continuously denied promotions. (*Id*. at 3–4). During this time, McGee's co-workers and supervisors also allegedly engaged in a wide array of "bizarre/outlandish," "disrespectful," and harassing behavior. (*Id*. at 4). As a result of this behavior, McGee alleges to have suffered emotional distress and adverse health consequences. (*Id*.) McGee also states that her treatment at USPS required her to relocate from California to Las Vegas. (*Id*.)

Now, Defendants move to dismiss McGee's complaint, arguing that she failed to exhaust administrative remedies, her claims are time barred, and that the court lacks subject-matter jurisdiction. (*See generally* Def.'s Mot. to Dismiss #18). Specifically, Defendants argue that McGee waited "approximately two years past the thirty-day deadline" to appeal two administrative determinations. (*Id*. at 2–3) (stating that McGee filed two administrative claims which were adjudicated on August 11, 2009, and October 21, 2009, and that she did not file appeals until September 6, 2011); *see also* 29 C.F.R. § 1614.402(a) (requiring appeals to be filed within thirty days). Because Defendants' motion to dismiss does not require discovery to resolve, they subsequently filed the instant motion to stay discovery pending resolution of their motion to dismiss (#33). The court turns to that motion now.

**LEGAL STANDARD**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that

2

the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (citing *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942

(1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

## DISCUSSION

Defendants' motion to stay is granted for two reasons. First, in the pending motion to dismiss, Defendants argue that McGee failed to exhaust administrative remedies, that her claims are time barred, and that the court lacks subject-matter jurisdiction. (*See generally* Def.'s Mot. to Dismiss #18). Specifically, Defendants argue that McGee waited "approximately two years past the thirty-day deadline" to appeal two administrative determinations. (*Id.* at 2–3) (stating that McGee filed two administrative claims which were adjudicated on August 11, 2009, and October 21, 2009, and that she did not file appeals until September 6, 2011); *see also* 29 C.F.R. § 1614.402(a) (requiring appeals to be filed within thirty days). Therefore, the court's "preliminary peek" demonstrates that a stay is warranted. *See TradeBay*, 278 F.R.D. at 600 (stating that a stay is appropriate where the dispositive motion raises issues of jurisdiction).

Second, McGee's response to Defendants' motion to stay does not dispute these assertions. Rather, she argues that discovery should proceed because Defendants previously agreed to conduct discovery when it filed a discovery plan and scheduling order. (*See* Doc. #35). The court is sympathetic that Defendants' apparent change of position may cause McGee frustration. However, the court is required to resolve every proceeding in the interest of securing "the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1.

Discovery is expensive. If the court permits discovery to proceed, and Defendants' motion to dismiss is granted, then the court risks needlessly increasing the parties' costs. If, however, the court stays discovery and Defendants' motion to dismiss is eventually denied, then the court will have preserved the parties' resources so that discovery may proceed on any remaining claims. This accomplishes the goals for Rule 1.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Stay (#33) is GRANTED.

IT IS FURTHER ORDERED that discovery is STAYED for four months or until the District Court adjudicates Defendants' Motion to Dismiss, whichever occurs first.

IT IS FURTHER ORDERED that, in the event Defendants' Motion to Dismiss is denied, the parties MUST file a proposed Discovery Plan and Scheduling Order within twenty days of the court's decision.

IT IS FURTHER ORDERED that Plaintiff's Motion to File Electronically (#36) is GRANTED with the following provisions: (1) On or before October 17, 2014, Plaintiff must provide certification that she has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices and the Civil & Criminal Events Menu that are accessible on this court's website; and

(2) Plaintiff is not authorized to file electronically unless and until the certification is filed with the Court within the time frame specified.

IT IS SO ORDERED.

DATED this 30th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE