# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### ***

LOLA MCGEE,

                        Plaintiff,

vs.

MEGAN J. BRENNAN, United States Postal
Service Postmaster General,

                        Defendant.

Case No. 2:13–cv–1426–RFB–VCF

### ORDER

MOTION FOR COURT ORDER REQUIRING
DEFENDANT TO COMPLY WITH THE FEDERAL
RULES OF CIVIL PROCEDURE REGARDING
DEPOSITIONS AND SANCTIONS (ECF NO. 90);
MOTION TO EXPEDITE (ECF NO. 91);  MOTION TO
COMPEL (ECF NO. 93)

This matter involves Plaintiff Lola McGee's civil action against Defendant Megan J. Brennan, United States Postal Service Postmaster General.  A hearing was held at 1:00 p.m. on May 20, 2016.  Before the court are the following motions:

1.    McGee's motion for court order (ECF No. 90), Brennan's response (ECF No. 94), and McGee's reply (ECF No. 97).

2.    McGee's motion to expedite (ECF No. 91).

3.    McGee's motion to compel (ECF No. 93) and Brennan's response (ECF No. 98).[1]

For the reasons stated below, McGee's motions are denied.

## I. Background

On September 11, 2015, the court entered an order limiting the scope of discovery.  The court ordered the parties to focus discovery on McGee's EEOC claims and whether McGee's illness equitably tolled the time for her to file her administrative appeals.  (ECF No. 57)  The court also ordered Brennan

---

[1] McGee's reply was due on April 18, 2016.  LR 7-2(c).  As of April 29, 2016, the court has not received McGee's reply.

1

to produce McGee's complete EEOC and Medical files.  (*Id.*)  McGee believes Brenna's production was incomplete and moves to compel Brennan to produce McGee's EEOC and Medical files in their original format.  (ECF No. 93)

As part of the court ordered, limited discovery, Brennan noticed the deposition of Dr. Jenkins, one of McGee's former treating physicians.  McGee objected to Dr. Jenkins' deposition.  The court held a hearing and allowed Dr. Jenkins' deposition to go forward as noticed.  (ECF No. 89).  McGee believes that she is entitled to ask Dr. Jenkins question during his deposition and is not required to pay Dr. Jenkins for the time he uses to answer her questions.

## II. Legal Standard

"A party may, by oral questions, depose any person, including a party."  FED. R. CIV. P. 30(a). "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours."  FED. R. CIV. P. 30(d).  "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."  FED. R. CIV. P. 30(d).

"Unless manifest injustice would result, the court must require that the party seeking discovery … pay the expert a reasonable fee for time spent responding to discovery."  FED. R. CIV. P. 26(b)(4)(E)(i).

## III. Discussion

1.  <u>McGee's Motion for a Court Order Will be Denied</u>

McGee may not ask Dr. Jenkins any questions at his deposition unless she compensates him for the time he spends answering her questions.  Brennan noticed Dr. Jenkins' deposition for March 30,

2016.[2]  Due to Dr. Jenkins' $1,000 per hour witness fee, Brennan informed McGee that Dr. Jenkins' deposition would be limited to one hour.  (ECF No. 94-2).  Brennan also informed McGee that to the extent she wished to ask Dr. Jenkins any questions, she would need to pay Dr. Jenkins for his time.  McGee believes that she should not be required to pay for any time Dr. Jenkins spends answering her questions.  (ECF No. 90).  While McGee is entitled to ask Dr. Jenkins questions, she must do so at her own expense.  FED. R. CIV. P. 26(b)(4)(E)(i).  And while the parties may stipulate to certain issues related to the deposition, *see* FED. R. CIV. P. 29, McGee may not refuse to participate in Dr. Jenkins' deposition simply because Brennan will not accept her proposed time allocation.[3]  *United States v. Hansen*, 233 F.R.D. 665, 668 (S.D. Cal. 2005).

2.     McGee's Motion to Compel Will be Denied

        i.     *McGee's Motion to Compel Does Not Comply With the Local Rules*

        McGee does not cite to any authority to support her position.  McGee argues that Brennan should be required to produce McGee's EEOC and Medical files in their original format.  McGee's failure to file points an authorities in support of her motion constitutes "consent to the denial of the motion."  LR 7-2(d).  Accordingly, McGee's motion to compel will be denied.

        ii.     *McGee Has Not Shown That Brennan Failed to Comply With This Court's Order*

        McGee alleges that Brennan has failed to provide her with complete, original copies of her EEOC and Medical files, in violation of the court's previous order. (ECF No. 57)  McGee alludes to several documents that she believes should have been in her EEOC and Medical files.  (ECF No. 93).

---

[2] In light of Dr. Jenkins' March 30 deposition date, McGee moved the court to expedite its review of her motion for court order.  (ECF No. 91).  As the noticed deposition date has passed, McGee's motion to expedite will be denied as moot.

[3] Brennan stated that she would pay Dr. Jenkins for one hour of his time and that she would need the whole hour to depose him.  McGee offered to limit her examination of Dr. Jenkins to fifteen minutes of that hour.  (ECF No. 90).  Brennan rejected McGee's proposed compromise.

Brennan states that she has already produced over 11,000 documents and that she has produced all documents she has received from the EEOC and Medical.  (ECF No. 98)  In light of the limited scope of discovery, requiring Brennan to produce additional documents under the court's previous order would not be proportional to the needs of this case.  FED. R. CIV. P. 26(b)(1).  McGee may make additional discovery requests, but Brennan will not be ordered to produce McGee's EEOC and Medical files in their original format.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that McGee's Motion for Court Order and Sanctions (Doc. #90) is DENIED.

IT IS FURTHER ORDERED that McGee's Motion to Expedite (Doc. #91) is DENIED as moot.

IT IS FURTHER ORDERED that McGee's Motion to Compel (Doc. #93) is DENIED.

IT IS FURTHER ORDERED that the Brennan will subpoena Dr. Jenkins for a deposition.  McGee will be allowed to question Dr. Jenkins for twenty minutes, and Brennan will be allowed ten minutes of follow-up.  Brennan will pay Dr. Jenkins' $500 witness fee.

IT IS FURTHER ORDERED that McGee take Dr. Jenkins' deposition on or before July 8, 2016.

IT IS FURTHER ORDERED that McGee's response to Brennan's motion to dismiss (ECF No. 106) is due by August 5, 2016.  Brennan's reply will be due in the ordinary course.

IT IS SO ORDERED.

DATED this 23rd day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE