# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LOLA MCGEE, | Case No. 2:13-cv-01426-RFB-VCF |
| Plaintiff, | **ORDER** |
| v. | Defendant's Motions to Dismiss (ECF No. 106) |
| PATRICK R. DONAHOE, *et al*. | |
| Defendants. | |

## I. INTRODUCTION

This case is before the Court on a renewed Motion to Dismiss (ECF No. 106) filed by Defendant USPS Postmaster General Megan J. Brennan.

For the reasons stated below, the Motion to Dismiss is GRANTED in part and DENIED in part.

## II. BACKGROUND

McGee raises the following claims in her Amended Complaint (ECF No. 8), against the Postmaster General and against individual Defendant employees of the United States Postal Service (USPS), in their official capacities: a.) a hostile work environment claim based on race discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.; b.) a race discrimination claim under Title VII; c.) a race discrimination claim under, 42 U.S.C. § 1981; d.) a gender discrimination claim under Title VII; e.) an Age Discrimination in Employment Act (ADEA) claim, 29 U.S.C. § 62 et seq.; f.) a retaliation claim under Title VII; and g.) a disability discrimination claim under the Rehabilitation Act, 29 U.S.C. § 794.

/ / /

/ / /

**III. FACTUAL ALLEGATIONS**

The following factual allegations are taken from Plaintiff's complaint. Lola McGee is an African-American woman and is a former federal employee with over 11 years of federal employment. Most recently, McGee worked at the USPS as a Supervisor and Acting Manager in Customer Service. On September 10, 2009, following alleged discrimination by the USPS, Ms. McGee was allegedly forced into medical disability retirement.

McGee alleges that she suffers from major depression, post-traumatic stress disorder, anxiety disorder, panic disorder, and peripheral sensory neuropathy. McGee claims that various employees and supervisors at the USPS retaliated and discriminated against her from approximately 2004 to 2009 based on her disability, race, age, and gender. As a result, McGee suffered emotional distress and adverse health consequences.

In this case, the Court ordered limited jurisdictional discovery to determine whether equitable tolling should apply to McGee's claims, in response to Defendant's original Motion to Dismiss which argued lack of subject matter jurisdiction. See Young v. U.S., 769 F.3d 1047, 1052 (9th Cir. 2014) ("Allegations of jurisdictional facts . . . are not afforded presumptive truthfulness; on a motion to dismiss for lack of subject matter jurisdiction, the court may hear evidence of those facts and resolve factual disputes where necessary.") (citations and quotation marks omitted).; see also Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) ("[Jurisdictional discovery] may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.") (citations and internal quotation marks omitted). The Court finds the following facts to be undisputed, based on this jurisdictional discovery:

- On November 1, 2008, McGee filed her first EEO complaint, in which she alleged various counts of discrimination and workplace retaliation dating back to 2005. The National EEO Investigative Services Office (NEEOISO) of USPS dismissed all claims occurring prior to July 10, 2008, as untimely. Plaintiff's remaining claims were for harassment and hostile work environment, charging of sick leave hours, and non-selection for a managerial position. On August 11, 2009,

NEEOISO issued its Final Agency Decision, finding no discrimination regarding the 2008 complaint.

- On May 27, 2009, Plaintiff filed a second EEO complaint, alleging discrimination based on sex, physical and mental disability, and retaliation for denial of a lateral transfer requested on April 9, 2009. On October 21, 2009, the NEEOISO issued a Final Agency Decision finding no discrimination regarding the 2009 complaint.

- McGee was advised, in each final decision, of her right to appeal the EEO decisions within thirty days, but did not file appeals.

- Between August 2009 and August 2011, McGee sent fifteen letters related to or regarding her claims against the USPS, to various parties, including the NEEOISO, her district manager, and Senator Harry Reid's office.

- McGee filed her appeal of the 2008 and 2009 EEO decisions on September 6, 2011, almost two years past the 30-day deadline to appeal.

- On November 9, 2012, the EEOC dismissed McGee's appeal, finding that it was untimely filed. The EEOC noted that McGee had argued that the reason for her delay was because she was "severely ill and in mental turmoil." However, the EEOC found that this explanation was too general to justify a finding of incapacitation that would allow an untimely appeal.

- On December 4, 2012, McGee requested reconsideration of the EEOC's denial of her appeal. On reconsideration, McGee argued that her mental state was very debilitating, and that she was unable to keep up with her appeals. She provided a letter from her treating psychiatrist dated November 20, 2012, in which the psychiatrist states that McGee had been his patient since May 5, 2010. The psychiatrist's letter stated that McGee was unable to file her appeal because of her depression.

- On May 31, 2013, the EEOC denied McGee's request for reconsideration. The EEOC found that McGee had not shown that she was so incapacitated by her condition that she was unable to meet the time limits. The EEOC relied on the fact

that McGee had sent letters to the USPS and the USPS' National Equal Employment Office on September 12, 2009, November 11, 2009, and October 5, 2010, which the EEOC said demonstrated that she was capable of addressing her discrimination claims during that period.

McGee filed her federal complaint on August 8, 2013 (ECF No. 1), and filed her Amended Complaint on February 26, 2014. (ECF No. 8). Federal Defendant filed a Motion to Dismiss on July 28, 2014, arguing that McGee's Complaint should be dismissed because she had not exhausted her administrative remedies and the Court therefore lacks subject matter jurisdiction over the case. (ECF No. 18). On September 11, 2015, the Court held a hearing on the Motion to Dismiss and denied it without prejudice, to allow the parties to engage in limited discovery addressing what claims Plaintiff previously raised in filings with the EEOC, and whether equitable tolling should be applied to Plaintiff's delayed filings of appeals to the EEOC rulings. (ECF No. 57). Federal Defendant renewed its Motion to Dismiss on May 16, 2016. (ECF No. 106). McGee filed her Response on August 5, 2016. (ECF No. 136). Defendant filed a Reply on August 15, 2016. (ECF No. 138). The Court held a hearing on the renewed Motion to Dismiss on December 19, 2016. (ECF No. 144).

### III. LEGAL STANDARD

#### A. Motion to Dismiss

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In sum, at the motion to dismiss stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to *offer* evidence to support the claims." Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)) (emphasis in original).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Two exceptions to this rule exist. First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Lee, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." Id. (citation and internal quotation marks omitted).

**IV.    DISCUSSION – MOTION TO DISMISS**

    **A. Failure to Administratively Raise Claims**

Defendant first argues that McGee failed to exhaust administrative claims not specifically addressed in her 2008 and 2009 EEO Complaints. The 2008 EEO Final Agency Decision stated that it investigated and dismissed the following allegations: "From July 12, 2008, the complainant has been subjected to hostile work environment harassment regarding working conditions, taken off higher level details assignments, treated in a disrespectful, cruel, and rude manner, and received threats from management officials. On or around September 8, 2008, the complainant became aware that she had been charged 32 hours of sick leave. Since July 12, 2008 the complainant has

not been selected for the position of Manager, Customer Services, and on December 9, 2008, the complainant was informed that she was not selected for the Manager's position at King's Station. The complainant has not been paid higher level pay since August 22, 2008. During December 2008, Management requested that complainant's badge access . . . be removed." (ECF No. 106-1, at 4).

The 2009 EEO final agency decision states that it investigated and dismissed the following allegations: discrimination based on sex, retaliation for prior EEO activity, physical disability, and mental disability, when on or around April 8, 2009, complainant was denied a lateral transfer to the city of Las Vegas and sent back to North Las Vegas. (ECF No. 106-1, at 62.)

Defendant does not specifically articulate which of McGee's claims, as alleged in the Amended Complaint, were *not* raised in her administrative complaints. "[S]ubstantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001) (emphasis in original). However, "The district court has jurisdiction over any charges of discrimination that are 'like or reasonably related' to the allegations in the EEOC charge, or that fall within the 'EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (citing Deppe v. United Airlines, 217 F.3d 1262, 1267 (9th Cir. 2000)).

The Court finds that all of McGee's claims are "like or reasonably related" to the allegations in McGee's EEOC charges, and that the claims therefore do not fail on the basis of not having been raised at the administrative level. However, the Court now proceeds to an analysis of whether those claims were properly administratively exhausted.

**B. Administrative Exhaustion and Time Barring – Title VII and Rehabilitation Act Claims**

**i. Legal Standard**

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." Sommatino v. United States, 255 F.3d 704, 707 (9th Cir. 2001) (citations omitted). "[A]bandonment or failure to cooperate in the administrative process prevents exhaustion and precludes judicial review." Id. at 708. In order to file a Rehabilitation Act lawsuit,

a plaintiff must also file a discrimination charge with the EEOC. 42 U.S.C. § 12117(a); 42 U.S.C. 2000(e)-16. Rehabilitation Act claims are analyzed under the same law as Title VII claims. See Lopez v. Johnson, 333 F.3d 959, 961 (9th Cir. 2003).

### ii. Analysis

Defendant argues that McGee's claims are time barred, because she did not file her civil action within 90 days of the USPS' final decision on her EEO claims, nor did she timely appeal those decisions.

In issuing its final agency decisions in 2009, NEEIOSO advised McGee that she had the right to appeal the final decisions within 30 calendar days of receipt of the decisions, or alternatively, to file a civil action within 90 calendar days of receipt of the decisions. McGee failed to timely appeal or file a civil action within the limitations period. On August 11, 2009, NEEOISO issued its Final Agency Decision as to McGee's 2008 complaint, finding no discrimination. On October 21, 2009, the NEEOISO issued a Final Agency Decision as to McGee's 2009 complaint, finding no discrimination. McGee filed her appeal of the 2008 and 2009 EEO complaint decisions on September 6, 2011, almost two years past the 30-day deadline to appeal. Therefore, McGee's Title VII and Rehabilitation Act claims have been brought outside of the statute of limitations.

McGee has requested that the Court equitably toll the statute of limitations from October 21, 2009, the date of her final denial by the EEO, until September 2011, when she filed her appeal. A final decision on that appeal was issued on May 31, 2013, and Plaintiff filed her federal complaint on August 8, 2013, within 90 days of that final decision on appeal. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The "invocation of the equitable tolling doctrine is not appropriate in cases in which the litigant has failed to meet a deadline as a result of 'garden variety' neglect." Washington v. Garrett, 10 F.3d 1421, 1437 (9th Cir. 1993).

Plaintiff argues that she was incapacitated by illness and unable to file her appeal until September 2011. Jurisdictional discovery was conducted in this case, and the record reflects that during the time of McGee's alleged incapacitation, in July 2010, her treating doctor, Dr. Reed,

provided a Psychiatric/Psychological Impairment Questionnaire in response to a request from her attorneys. In that questionnaire, in response to the question, "Can your patient manage benefits in his or her own best interest?," Dr. Reed answered, "Yes." Dr. Reed testified in her deposition that Plaintiff was incapable of taking care of her personal needs "during the time when she was going through the panic attacks, was hospitalized for the heart palpitations . . . they was ruling out if she had a heart attack, ruling out if she had a stroke . . . ." (ECF No. 106-3 at 19). McGee was hospitalized in April 2009. In her deposition, Dr. Reed states that as of August 2010, she believed McGee was capable of managing benefits in her own best interest. Dr. Reed wrote a letter on June 24, 2013, at McGee's behest, stating that McGee had been incapable of filing timely appeals because of her condition; however, this letter was written four years after Dr. Reed had last treated McGee.

McGee has submitted a notarized letter from May 2016, from Dr. Rick Jenkins, a treating physician, who states that in his professional medical opinion, McGee was incapacitated during 2009-2011, due to Post Traumatic Stress Disorder (PTSD) and depression. (ECF No. 136-4). However, according to Dr. Jenkins' deposition, he did not begin treating McGee until May 2010. (ECF No. 106-4).

The record reflects that McGee filed an "Intent to Sue" letter on October 5, 2010, with the EEOC. On August 4, 2009, she sent a letter to Harry Reid's office requesting assistance related to her allegations against USPS. On September 12, 2009, she sent a letter to NEEOISO requesting a Final Agency Decision regarding her 2009 EEO complaint. On September 22, 2009, she sent a letter to her district manager advising him that she was giving herself a retirement party, and requesting that the invitation be emailed and posted. On November 11, 2009, she sent a letter to NEEIOSO, advising them that she had received the Final Agency Decision regarding her 2008 EEO complaint, and notifying them that she had legal representation. On December 9, 2009, McGee sent a letter to the U.S. Department of Labor, advising them of her change of address and requesting a correction of her job title. On July 1, 2010, McGee sent a six-page letter to the Office of Workers' Compensation Programs, in which she described her issues and claims against USPS in detail.

Based on its review of the evidence submitted with the motions in this case, pursuant to jurisdictional discovery, the Court will not equitably toll the statute of limitations for the entire period between the 2009 Final Agency Decisions, and the 2011 filing of McGee's appeal of those decisions. The Court does not credit the opinions of Dr. Jenkins as to McGee's condition prior to May 2010, which is when he began treating McGee. The Court also does not credit Dr. Reed's evaluation as to McGee's condition during the relevant time period, as Dr. Reed discontinued treating McGee in April 2009. During the relevant time period, McGee submitted many letters to federal officials and agencies regarding her case and claims, including an Intent to Sue letter in 2010. Therefore, the Court finds that McGee was capable of appealing her EEO decisions sooner than September 2011. Although the statute of limitations may have been equitably tolled due to extraordinary circumstances during some of the intervening period between her 2009 denial and her 2011 appeal, due to McGee's suffering from PTSD and depression, McGee was not precluded by extraordinary circumstances throughout this entire period from filing an appeal. Short of equitably tolling the statute of limitations during that entire intervening period, McGee's Title VII and Rehabilitation Act claims are precluded by the statute of limitations. Therefore, McGee's Title VII and Rehabilitation Act claims are dismissed with prejudice.

### C. Administrative Exhaustion and Time Barring – ADEA and Section 1981 Claim

#### i. Legal Standard

"Unlike Title VII of the Civil Rights Act . . . the ADEA contains no express requirement that a federal employee complainant seek administrative relief . . . except that an employee who wishes to file suit without pursuing administrative remedies must give the EEOC notice of intent to sue at least 30 days before filing suit." Bankston v. White, 345 F.3d 768, 770 (9th Cir. 2003) (internal citation marks and quotations omitted).

#### ii. Analysis

Defendants have generally argued that all of McGee's claims are time barred, due to her untimely filing of her administrative appeal. However, they have not raised a specific argument regarding McGee's ADEA claim, nor regarding her Section 1981 claim. Whereas Title VII and

ADA claims require administrative exhaustion, and have specific statutory time limits for litigation based on administrative exhaustion, Defendants have raised no law, and the Court is not aware of any, that requires administrative exhaustion of ADEA claims or Section 1981 claims. McGee sent an Intent to Sue letter to the EEOC on October 5, 2010. While the Ninth Circuit has held, in cases when there are simultaneous administrative and judicial proceedings, that for prudential reasons, plaintiffs were required to exhaust their administrative remedies, it specifically declined to apply such a rule in a case where there were no administrative remedies pending. Bankston, 345 F.3d at 777.

Therefore, the Court rejects this argument as to McGee's ADEA discrimination and Section 1981 race discrimination claims, and allows those claims to proceed.

### V. CONCLUSION

Accordingly, Motion to Dismiss (ECF No. 106) is GRANTED as to Plaintiff's Title VII and Rehabilitation Act claims, and DENIED as to Plaintiff's claims under the ADEA and 42 U.S.C. § 1981.

DATED this 10th day of October, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**