# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOLA MCGEE, | Case No. 2:13-cv-01426-RFB-VCF |
| Plaintiff, | **ORDER** |
| v. | Defendant's Motion for Reconsideration (ECF No. 129) |
| PATRICK R. DONAHOE, *et al.* | |
| Defendants. | |

## I.  INTRODUCTION

This order addresses Defendant's Motion for Reconsideration of Magistrate Judge Ferenbach's order regarding deposition fees (ECF No. 129).

For the reasons stated below, the Motion for Reconsideration is DENIED.

## II.  BACKGROUND

On September 11, 2015, the Court ordered limited discovery on the issue of equitable tolling. (ECF No. 57). As part of this limited discovery Defendant noticed the deposition of Dr. Jenkins, one of Plaintiff's former treating physicians. On March 4, 2016, Magistrate Judge Ferenbach held a hearing and allowed the deposition to go forward as noticed, over McGee's objection. (ECF No. 89). Dr. Jenkins cost $1,000 an hour to depose. Based on the cost, Defendant intended to limit their questioning to one hour. On March 8, 2016, McGee sought discovery sanctions based on Defendant's refusal to allow her questioning of Dr. Jenkins unless she paid for the time. (ECF No. 90). On March 30, 2016, Defendant's deposition of Dr. Jenkins took place, while Plaintiff's motion for sanctions was pending, lasting one hour. Plaintiff was unable to ask any questions of Dr. Jenkins.

On May 20, 2016, Magistrate Judge Ferenbach held a hearing regarding various motions, including Plaintiff's motion for sanctions. (ECF No. 111). On May 20, 2016, Magistrate Judge Ferenbach issued a minute order stating "IT IS ORDERED that the Defendant will subpoena Dr. Jenkins for a deposition no later than 07/08/2016. Defendant will pay $500.00 for thirty (30) minutes of testimony wherein the Plaintiff will have twenty (20) minutes of questioning, and Defendant will be allowed ten (10) minutes of follow-up." (ECF No. 111). However, Magistrate Judge Ferenbach's written order stated that Plaintiff could not ask Dr. Jenkins questions at his deposition unless she compensated him. (ECF No. 113).

On June 2, 2016, the Defendant filed a motion for clarification of Magistrate Judge Ferenbach's orders. (ECF No. 115). On June 24, 2016, Magistrate Judge Ferenbach, at the hearing regarding Defendant's motion for clarification, ordered that Defendant reconvene the deposition and allow Plaintiff twenty minutes of questioning. Defendant was ordered to incur the expenses of setting up this reconvened deposition. (ECF Nos. 120, 126). On July 8, 2016, Defendant objected to Magistrate Judge Ferenbach's order and moved this Court to reconsider. (ECF No. 129).

### III. LEGAL STANDARD

Magistrate judges have the authority to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." Ibrahim v. U.S. Department of Department of Homeland Security, 835 F.3d 1048, 1058 (9th Cir. 2016) (internal quotation marks and citation omitted). Under the contrary to law standard "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). Rather, the district court "must ascertain whether the order was contrary to law." Riviera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).

### IV. DISCUSSION

Under the contrary to law standard, this Court may not substitute its own judgment in

reviewing Magistrate Judge Ferenbach's orders requiring Defendant to pay the costs of a reconvened deposition with Dr. Jenkins. In its objection to Magistrate Judge Ferenbach's orders, Defendant argues that sovereign immunity precludes any costs from being shifted to it, there was no waiver of sovereign immunity, and the Federal Rules of Civil Procedure do not permit this cost shifting. Plaintiff argues that she was entitled to cross-examination of the deponent under FRCP 30.

The Ninth Circuit has held that sovereign immunity does not exempt the United States from complying with the Federal Rules of Civil Procedure and that "when the United States comes into court as a party in a civil suit, it is subject to the Federal Rules of Civil Procedure as any other litigant." Mattingly v. U.S., 939 F.2d 816, 818 (9th Cir. 1991). FRCP 26(b)(4)(E)(i) provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery[.]" Also, FRCP Rule 30(c)(1) requires that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence[.]" Furthermore, district courts have "wide discretion in controlling discovery." Blackburn v. U.S., 100 F.3d 1426, 1436 (9th Cir. 1996) (citation omitted); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) (finding that a district court's "inherent equitable powers" in supervising discovery allowed it to require that an opposing party pay for copies of deposition transcripts for an indigent litigant as a condition precedent for that party conducting a deposition).

The Court does not find that Magistrate Judge Ferenbach's orders were contrary to law, and sees no reason to disturb the orders. First, the Court does not find that requiring Defendant to bear the reconvened deposition costs was fee-shifting as Defendant characterizes it. Instead, this was a cost that Defendant itself created, and should have initially incurred, by seeking the deposition of Dr. Jenkins. Additionally, the Court finds that sovereign immunity does not preclude Magistrate Judge Ferenbach's orders to reconvene the deposition and require Defendant to bear the costs. Under Mattingly, sovereign immunity does not exempt the United States from adhering to the Federal Rules of Civil Procedure, and Magistrate Judge Ferenbach noted the Rules as support when he ordered Defendant to bear the cost of the reconvened deposition. Because Defendant was

the party "seeking discovery" of Dr. Jenkins, FRCP 26(b)(4)(E) supports Magistrate Judge Ferenbach's finding that Defendant should be the party who incurs the cost of deposing Dr. Jenkins. Moreover, FRCP 30(c)(1) requires the cross-examination of a deponent as would take place at trial. This is exactly what Plaintiff sought to do, and what Magistrate Judge Ferenbach found was required in stating "it's only fair that Ms. McGee have an opportunity to question [Dr. Jenkins]." See ECF No. 126 at p. 8.

Furthermore, Magistrate Judge Ferenbach appropriately made an equitable determination under the court's authority to supervise discovery in requiring that Defendant bear the reconvened deposition costs. Magistrate Judge Ferenbach noted potential due process implications if Plaintiff were denied the opportunity to question Dr. Jenkins, based on this Court ordering limited discovery on the issue of equitable tolling. See id. at p. 7–8. To this point, Magistrate Judge Ferenbach stated that Plaintiff should have the opportunity to question Dr. Jenkins to ensure that there was a fair hearing on the equitable tolling issue, and to protect Plaintiff's basic due process rights. See id. at p. 5. This is especially so given that Dr. Jenkins would not be testifying when the issue of equitable tolling was going to be before this Court, see id., and given that Plaintiff in this case is proceeding in forma pauperis, and could not afford the costs. Thus, under the Federal Rules of Civil Procedure and the court's wide discretion to supervise discovery, Magistrate Judge Ferenbach properly found that Defendant should bear the costs for Dr. Jenkins' reconvened deposition.

Accordingly, the Court finds that Magistrate Judge Ferenbach's orders (ECF Nos. 113, 120) were not clearly erroneous or contrary to law. Therefore, the Court will not set aside the deposition order nor the order that Defendant be reimbursed.

### V. CONCLUSION

Accordingly, Defendant's Motion for Reconsideration (ECF No. 129) is DENIED.

DATED this 31st day of October, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**