UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LOLA MCGEE,

        Plaintiff,

    v.

MEGAN J. BRENNAN, United States Postal
Service Postmaster General,

        Defendant.

Case No. 2:13-cv-01426-RFB-VCF

ORDER

Before the Court are two contested motions: Plaintiff Lola McGee's Motion for Entry of Clerk's Default (ECF No. 215) and Motion for Default Judgment (ECF No. 216). The Court previously dismissed Plaintiff's earlier motions for the same relief in its July 18, 2018 Order. ECF No. 213 (denying ECF Nos. 193, 194). The Court found that "Defendants have actively participated in the litigation and the strong policy of deciding cases on their merits" resulted in dismissal of Plaintiff's previous motions.

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact,

(6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72.

The Court finds that default judgment is not warranted. As stated in the Court's July 18, 2018 Order, Defendants have appeared in this matter and have continuously defended. See docket generally. Indeed, the docket in this matter amassed over two hundred entries at the time Plaintiff filed the pending motions. In conjunction with the continual defense, the Court finds that this matter should be decided on its merits. The Court therefore denies Plaintiff's two motions.

To be sure, to the extent that Plaintiff seeks reconsideration of the Court's July 18, 2018 Order by resubmitting motions for entry of clerk's default and for default judgment, the Court denies the motions. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. Plaintiff has not presented highly unusual circumstances nor new evidence, clear error, or a change in controlling law. The Court denies the motions to the extent Plaintiff submitted them as to request reconsideration of the July 18, 2018 Order.

**IT IS ORDERED** that Plaintiff Lola McGee's Motion for Entry of Clerk's Default (ECF No. 215) and Motion for Default Judgment (ECF No. 216) are DENIED.

DATED: March 31, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**