UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| LOLA MCGEE, <br><br> Plaintiff, <br><br> v. <br><br> MEGAN J. BRENNAN, United States Postal Service Postmaster General, *et al* <br><br> Defendants. | Case No. 2:13-cv-01426-RFB-VCF <br><br> **ORDER** |

## I. INTRODUCTION

Before the Court are Plaintiff Lola McGee's Motion to Compel re Proposed Discovery, Motion for Sanctions re Scheduling Order, and Motion for Sanctions re Discovery. ECF Nos. 224, 226, 241. Also before the Court are Defendant Megan J. Brennan's Motion to Withdraw as Attorney and Motion for Summary Judgment. ECF Nos. 231, 241. The Court denies Plaintiff's Motions and grants Defendant's Motions.

## II. PROCEDURAL BACKGROUND

Plaintiff Lola McGee ("McGee"), a pro se party, filed the following claims in her Amended Complaint (ECF No. 8), against the Postmaster General[1] and against individual Defendant employees of the United States Postal Service (USPS), in their official capacities: a) a hostile work

---

[1] When this case began Patrick R. Donahoe was the US postmaster general. His position has since been assumed by Megan J. Brennan. The caption is changed accordingly.

environment claim based on race discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*; b) a race discrimination claim under Title VII; c) a race discrimination claim under 42 U.S.C. § 1981; d) a gender discrimination claim under Title VII; e) an Age Discrimination in Employment Act (ADEA) claim, 29 U.S.C. § 621 *et seq*; f) a retaliation claim under Title VII; and g) a disability discrimination claim under the Rehabilitation Act, 29 U.S.C. § 794. The Court ordered limited jurisdictional discovery in response to Defendants' first motion to dismiss for lack of subject matter jurisdiction. ECF No. 57. The discovery was conducted and Defendants filed a renewed motion to dismiss. ECF No. 106. On October 10, 2017, the Court partially granted Defendants' motion to dismiss and dismissed all of McGee's claims as time-barred with the exception of her ADEA age claim and her race discrimination claim under 42 U.S.C. § 1981. ECF No. 166. The Court then granted Defendants' Motion to Dismiss McGee's section 1981 claims on July 18, 2018, pursuant to White v. General Service Administration, 652 F.2d 913, 916-17 (9th Cir. 1981), which provides that claims brought under 42 U.S.C. § 2000e-16 (Title VII) are the exclusive remedy for a federal employment discrimination action . ECF No. 213. McGee filed a motion to compel re discovery and a motion for sanctions in September 2018. ECF Nos. 224, 226. Defendants filed a motion to withdraw as attorney later that month. ECF No. 231. Finally, Defendants moved for summary judgment on December 13, 2018. ECF No. 239. The summary judgment motion was fully briefed. ECF Nos. 245, 250.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts, incorporating by reference its factual findings from the Court's previous Order (ECF No. 166), and Plaintiff and

///

Defendant's statements of undisputed facts in their briefing for the instant motion for summary judgment and other documents in the record.

### a. Undisputed Facts

Plaintiff Lola McGee is a former United States Postal Service (USPS) employee. She was born in 1962. She was employed by USPS from 1998 through September 10, 2009. During her time at USPS, McGee applied for 17 positions and was denied for all of them.

In 2008, she applied for a promotion to a position of Manager, Customer Services at Huntridge Station in 2008. The position ultimately went to Thomas Jack, who was born in 1954. McGee also applied for a position of Manager, Customer Services, at King Station in 2008. That position also went to Thomas Jack. McGee also applied for promotions at Sunrise Station and Winterwood Station. The managerial position at Sunrise station went to Samson Pillus, who was born in 1955.

On November 1, 2008, McGee filed her first EEOC (Equal Employment Opportunity Commission) complaint, in which she alleged various counts of discrimination and workplace retaliation dating back to 2005. The National EEO Investigative Services Office (NEEOISO) of USPS dismissed all claims occurring prior to July 10, 2008 as untimely. Plaintiff's remaining claims were for harassment and hostile work environment, charging of sick leave hours, and non-selection for a managerial position.

On August 11, 2009, NEEOISO issued its Final Agency Decision, finding no discrimination regarding the 2008 complaint. On May 27, 2009, Plaintiff filed a second EEO complaint, alleging discrimination based on sex, physical and mental disability, and retaliation for denial of a lateral transfer requested on April 9, 2009. On October 21, 2009, the NEEOISO issued a Final Agency Decision finding no discrimination regarding the 2009 complaint. McGee

was advised, in each final decision, of her right to appeal the EEO decisions within thirty days. McGee did not file appeals.

Between August 2009 and August 2011, McGee sent fifteen letters related to or regarding her claims against the USPS, to various parties, including the NEEOISO, her district manager, and Senator Harry Reid's office. McGee filed her appeal of the 2008 and 2009 EEO decisions on September 6, 2011, almost two years past the 30-day deadline to appeal. On November 9, 2012, the EEOC dismissed McGee's appeal, finding that it was untimely filed. The EEOC noted that McGee had argued that the reason for her delay was because she was "severely ill and in mental turmoil."

However, the EEOC found that this explanation was too general to justify a finding of incapacitation that would allow an untimely appeal. On December 4, 2012, McGee requested reconsideration of the EEOC's denial of her appeal. On reconsideration, McGee argued that her mental state was very debilitating, and that she was unable to keep up with her appeals. She provided a letter from her treating psychiatrist dated November 20, 2012, in which the psychiatrist states that McGee had been his patient since May 5, 2010. The psychiatrist's letter stated that McGee was unable to file her appeal because of her depression. On May 31, 2013, the EEOC denied McGee's request for reconsideration. The EEOC found that McGee had not shown that she was so incapacitated by her condition that she was unable to meet the time limits. The EEOC relied on the fact that McGee had sent letters to the USPS and the USPS's National Equal Employment Office on September 12, 2009, November 11, 2009, and October 5, 2010, which the EEOC said demonstrated that she was capable of addressing her discrimination claims during that period.

### b. Disputed Facts

The parties dispute whether the Manager, Customer Services position at Winterwood Station was cancelled in 2008. Defendants state the vacancy was cancelled and thus the position was not awarded to anyone. To support their position, Defendants attach excerpts from the investigative summary of McGee's EEO complaint, which notes that the vacancy was cancelled on December 15, 2008. Defendants also attach a printout of an email from April 13, 2009 with the subject title "McGee-Additional Selection Packages," that has a handwritten note stating that the Winterwood station posting from December 2008 was cancelled.

By contrast McGee claims that the Winterwood station position was open at least until January 2009. She writes in her opposition to Defendant's motion that "[p]hone records can prove that plaintiff receive[sic] an interview for Winterwood Station in January 2009." ECF No. 245 at 4.

## IV. LEGAL STANDARD

### a. Papers of Pro Se Litigants to be Liberally Construed

Generally, documents submitted by pro se litigants are to be "liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "The rights of pro se litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." Garaux v. Pulley, 739 F.3d 437, 439 (9th Cir. 1984). However, pro se litigants are still "expected to abide by the rules of the court in which [they] litigate[]." Additionally, "[f]ailure [of a pro se litigant] to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

### b. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### c. Age Discrimination Claims Under the ADEA

The ADEA forbids employers from engaging in age discrimination against individuals who are at least 40 years old. 29 U.S.C. §§ 623(a)(1); 631(a). The ADEA applies to federal employees and applicants for federal employment. 29 U.S.C. § 633a(a). To survive summary judgment on an ADEA violation, a party must establish a prima facie case of age discrimination. Shelley v. Geren, 666 F.3d 599, 608 (9th Cir. 2012). With a failure-to-promote claim, a plaintiff must establish a prima facie case by producing evidence showing that 1) the party was at least forty years old at the time of the adverse action; 2) the party was qualified for the position for which an application was submitted; 3) the party was denied the position and 4) the promotion was given to a substantially

younger person. Id. If a party has successfully established a prima facie case of age discrimination, the burden of production shifts to the employer defendant to articulate a legitimate non-discriminatory reason for its adverse action. Id. see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (establishing the burden shifting test for cases with circumstantial evidence of discrimination). If such a reason is offered, the plaintiff must provide evidence showing that the employer's purported reason was pretext for age discrimination. Shelley, 666 F.3d at 608.

### d. Motions to Compel Discovery and Rule 37 Sanctions

At the pre-trial stage, a district court can impose case-dispositive sanctions for discovery abuses under Rule 37 of the Federal Rules of Procedure, which states: "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may, *inter alia*, "render default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). The Ninth Circuit has held that "belated compliance with discovery orders does not preclude the imposition of sanctions." Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam)).

Under FRCP 37(b), if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), then the court where the action is pending may issue "further just orders," and may "dismiss the action or proceeding in whole or part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Local Rule 26-7 of the District of Nevada requires that all motions to compel "set forth in full the text of the discovery originally sought and any response to it." LR 26-7(b). The local rules further provide that discovery motions may not be considered unless the party moving to compel has made a good-faith effort to meet and confer and has included a declaration setting forth the details of the meet-and-confer conference about each disputed discovery request. LR 26-7(c).

**V. DISCUSSION**

The Rules of Civil Procedure and the Ninth Circuit generally caution courts against the granting of summary judgment when there may be pending relevant discovery. Fed. R. Civ. P. 56(d) (providing that the court may defer or deny motions for summary judgment to allow time for discovery if facts essential to opposition are unavailable); Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004) ("[S]ummary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof a viable claim."). Throughout the course of this litigation, McGee has filed several motions accusing Defendants of having failed to respond to relevant discovery requests. Thus the Court shall first address McGee's Motion to Compel and Motion for Sanctions before turning to the dispositive motion for summary judgment.

a. **Motions to Compel and Motions for Sanctions**

The Court first notes that McGee's motion to compel does not comply with local rules. Local Rule 26-7 of the District of Nevada requires that all motions to compel "set forth in full the text of the discovery originally sought and any response to it." LR 26-7(b). The local rules further provide that discovery motions will not be considered unless the party moving to compel has made a good-faith effort to meet and confer and has included a declaration setting forth the details of the meet-and-confer conference about each disputed discovery request. LR 26-7(c). McGee has made no such showing in her motion to compel, and per the Local Rules, the Court is free to disregard and deny the motion.

But even disregarding these requirement, McGee's motion has no merit. In her motions to compel and for sanctions, McGee insists that she had not received the discovery that she has requested. But McGee has failed to show that the information allegedly missing is relevant to her

remaining ADEA claim. McGee list of remaining necessary documents includes:

> on the one (1) disc vs the two (2) that the EEOC sent her along with both 2008 and 2009 cases on them. Plaintiff is missing her two books, Dr. Jenkins Social Security Questionnaire, gambling receipts from NEEOISO, emails, 17 positions packages to determine age, Form 50 of the promoted people from the 17 positions, policies, past EEO activity of plaintiff bosses, Zero Tolerance Policy to violence, lateral policy and procedures, and much more. ECF No. 224.

Of the list of documents McGee claims she needs, the only ones that are relevant to her age discrimination claim are the documents related to the age of the individuals who received promotions in lieu of McGee. But Defendants maintain that they have submitted all relevant documents in their possession regarding the non-promotions. ECF No. 232 at 13. Defendants provided McGee with a complete 148- page investigative report, excerpts of which Defendants also attach to their motion for summary judgment, regarding her 2008 EEO complaint. The investigative report includes matrices that list the birthdate, years of service, race, sex, and previous USPS employment for each applicant for the positions, including the applicants who received positions over McGee. The report is admissible as a public record pursuant to Rule 803(8) of the Federal Rules of Evidence. Fed. R. Evid. 803(8). For this reason, the Court finds that continuing discovery would be fruitless and unable to assist McGee with proving her remaining viable claim. McGee's motion to compel is denied.

    The Court also denies McGee's Motion for Sanctions. The Court does not find that Defendants have violated Rule 37 of the Federal Rules of Civil Procedure. Rather, the Court finds that Defendants have complied with the Court's orders regarding discovery. There is no sanctionable behavior here.

/ / /

/ / /

b. **Motion for Summary Judgment**

The Court now turns to Defendant's Motion for Summary Judgment, and considers the threshold issue of whether any of McGee's non-promotions are time-barred from being considered within McGee's ADEA claim.

A federal employee who believes that they have been discriminated against under the ADEA has two options. The first option is to file an administrative complaint with the EEOC. 29 C.F.R. § 1614.105. If pursuing this option, the employee must meet with an EEOC counselor within 45 days of the discriminatory action in order to informally resolve the matter. 29 C.F.R. § 1614.105(a)(1). This meeting must occur prior to filing the complaint. Id. The employee may then proceed to file a civil action in district court after receiving a final agency determination or after 180 days have passed since first filing either the administrative action with the EEOC or an appeal of the final agency decision. 29 C.F.R. § 1614.201(c). Alternatively, the employee may skip administrative proceedings entirely and file directly in district court. 29 U.S.C. § 633a(d); 29 C.F.R §1614.201(a). This has sometimes been referred to as the "bypass" provision. Forrester v. Chertoff, 500 F.3d 920, 924 (9th Cir. 2007). If an employee intends to use the bypass provision, the employee must send a notice of intent to file suit with the EEOC within 180 days of the discriminatory conduct, and then wait at least 30 days after sending the notice of intent before filing the civil action. 29 U.S.C. § 633a(d).

Defendants argue that McGee forfeited her ability to raise 13 of the 17 non-promotions in this case because she did not meet with an EEO counselor within 45 days of the contested personnel actions as required. Because McGee did not meet this threshold requirement, the final agency decision on McGee's 2008 EEO complaint dismissed all non-promotions that had occurred before July 12, 2008. Defendants further argue that McGee cannot be found to have brought those

claims under the bypass provision either. The earliest document that McGee sent to the EEOC that could be construed as a notice of intent to sue was dated October 5, 2010—well over 180 days after the alleged discriminatory conduct took place in 2008.

McGee states in her opposition to Defendants' motion that "all 17 positions were investigated," ECF No. 245 at 3, but submits no documentary evidence and never states that she did in fact 1) meet with an EEOC counselor within 45 days of the 13 non-promotions or 2) submit a notice of intent to sue with the EEOC earlier than October 5, 2010.

The Court does not agree with Defendants that the Ninth Circuit has held that the bypass provision and the administrative option are mutually exclusive. See Bankston v. White, 345 F.3d 768, 776 (9th Cir. 2003) ("When an employee has dismissed administrative proceedings before filing suit, the court no longer has the ability to avoid future duplicative efforts, although it may still punish the claimant for having wasted the agency's time."). However the Court does find that there is nothing in the record to dispute the facts that McGee did not meet with an EEOC counselor within 45 days of the 13 non-promotions and that she did not send notice of her intent to sue within 180 days of the non-promotions that occurred in 2008 or earlier. Thus the Court finds that McGee's ADEA claim with regard to 13 of the 17 nonpromotions are time-barred.

Even though McGee's claims regarding the 13 non-promotions are time-barred, the Court could excuse the failure to preserve the claims via the equitable doctrines of tolling, waiver, or estoppel. Shelley, 666 F.3d at 605. "Equitable tolling is appropriate where there is excusable ignorance of the limitations period and [a] lack of prejudice to the defendant." Forester v. Chertoff, 500 F.3d 920, 930 (9th Cir. 2007). McGee offers no explanation or indeed any facts at all that explain why she was unable to comply with the 45-day pre-complaint period for 13 of the promotions or why that mistake should excused. There is also no evidence in the record

indicating that Defendants waived their right to assert the defense that McGee's claims regarding the 13 non-promotions were untimely. Thus the Court does not find that the mistake here is excusable or that relief is warranted by the interests of justice and declines to equitably toll the claims.

The Court could also find the claims preserved if it finds that the 13 other non-promotions relate back to a violation that *was* timely filed. In order to make such a finding, the Court must consider a plaintiff's claims to be "reasonably related to the allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." Lyons v. England, 307 F.3d 1092, 1104 (9th Cir. 2002) (internal citations omitted). The Supreme Court has further explained that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). "[T]ermination, failure to promote, denial of transfer, or refusal to hire" are all discrete acts that constitute "separate actionable unlawful employment practice[s]." Id. at 114. Based on Morgan, the Court finds that it cannot apply the continuing violating doctrine to relate back the 13 untimely non-promotions to the timely filed claims, as each failure to promote is its own separate discrete claim.

Having found and agreed with Defendants that only the four non-promotions at Huntridge, King, Sunrise, and Winterwood may be considered, the Court now considers whether McGee has a prima facie case of age discrimination. The McDonnell Douglas burden shifting test applies only in discrimination cases in which the available evidence is circumstantial, rather than direct. Enlow v. Salem-Keizer Yellow Cab Co., Inc., 389 F.3d 802, 812 (9th Cir. 2014). McGee has offered no direct evidence that her age was the but-for cause of her failure to be promoted to any of the four positions, and so the Court now considers whether McGee has made

a prima facie case under McDonnell Douglas. The Court finds that McGee has failed to make out a prima facie case for age discrimination. It is undisputed that the two individuals who assumed the Huntridge, King and Sunrise positions were older than McGee. The parties dispute whether the Winterwood station position was cancelled and not awarded to anyone. However, while the Defendants have produced evidence that the position was cancelled, McGee has not presented evidence based upon her personal knowledge that the position was open. Moreover, McGee has made no showing that the position, even if open, was awarded to a substantially younger person. Without such a showing, McGee cannot make out a prima facie case of age discrimination regarding the Winterwood non-promotion. The Court must award summary judgment to Defendants.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Compel (ECF No. 224), Motion for Sanctions re Scheduling Order (ECF No. 226) and Motion for Sanctions re Discovery (ECF No. 241) are DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Withdraw as Attorney (ECF No. 231), and Motion for Summary Judgment (ECF No. 239) are GRANTED.

The Clerk of the Court is instructed to enter judgment in favor of Defendants and close the case.

DATED: September 23, 2019.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**